IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VICTIM ONE,
*By and through Next Friend,*

      Plaintiff,

v.

MEHLVILLE R-9 SCHOOL DISTRICT,
&
CHRISTOPHER GAINES
&
JEFFREY BRESLER
&
BRIAN SMITH
&
SHANNON PIKE
&
ADAM SMITH
&
CHAD DICKEMPER
&
LAUREN CUMMINGS
&
MICHAEL WHEELER
&
ESTATE OF BRANDON HOLBROOK,

      Defendants.

Case No.: 4:22-CV-1051

**<u>JURY TRIAL DEMANDED</u>**

**<u>COMPLAINT</u>**

      COMES NOW Plaintiff VICTIM ONE ("Plaintiff"), by and through her Next Friend and

her attorneys, and for her Complaint against Defendants states as follows:

1

*INTRODUCTION*

1. This cause of action is related to the physical abuse, sexual abuse, sexual harassment, and/or sexual discrimination (individually and collectively referred to hereafter as "abuse") of Plaintiff in the 2022 while she was a minor child and student at Mehlville R-9 School District.

2. The abuse of Plaintiff was perpetrated by Brandon Holbrook.

3. Plaintiff is a 15-year-old girl and a resident of the Eastern District of Missouri. Plaintiff brings this action through her Next Friend.

4. Defendant Mehlville R-9 School District ("Mehlville") is a public school district located in the Eastern District of Missouri.

5. Plaintiff was, and is, a student at Mehlville.

6. At all the times relevant hereto, Defendant Christopher Gaines ("Gaines") was the superintendent of Mehlville.

7. At all times relevant hereto, Defendant Jeffrey Bresler ("Bresler") was an assistant superintendent of Mehlville.

8. At all times relevant hereto, Defendant Brian Smith ("Brian") was an assistant superintendent of Mehlville.

9. At all times relevant hereto, Defendant Shannon Pike ("Pike") was the executive director of Human Resources at Mehlville.

10. At all times relevant hereto, Defendant Adam Smith ("Adam") was the executive director of student services at Mehlville.

11. At all times relevant hereto, Defendant Chad Dickemper ("Dickemper") was the executive director of planning and operations at Mehlville.

2

12. At all times relevant hereto, Defendant Lauren Cummings ("Cummings") was the principal of Bernard Middle School of Mehlville.

13. At all times relevant hereto, Defendant Michael Wheeler ("Wheeler") was the assistant principal of Bernard Middle School of Mehlville.

14. Defendant Estate of Brandon Holbrook is sued in this action in that Brandon Holbrook is deceased. However, at the times relevant hereto, Brandon Holbrook was an employee of Mehlville. Defendant Estate of Brandon Holbrook and Brandon Holbrook shall be referred to as "Holbrook".

15. Defendants Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings, Wheeler, and Holbrook are sued in their individual and official capacity.

16. At all times relevant hereto, Defendants Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings, Wheeler, and Holbrook were state actors, acting under the color of state law, and operating within the course and scope of their employment with Mehlville.

17. At all times herein, Mehlville was/is the recipient of federal financial assistance and was engaged in providing educational programs and activities.

18. By accepting and receiving federal financial assistance, Mehlville must comply with Title IX of the Education Amendments of 1972 (20 USC 1681-1688) (hereinafter referred to as "Title IX").

19. Title IX prohibits discrimination based on sex in an educational institution and/or educational program that is receiving federal financial assistance.

20. The conduct described in this Complaint occurred in the Eastern District of Missouri.

21. Venue and jurisdiction are proper in this Court.

22. This Court has subject matter jurisdiction over the claims under federal law.

23. This Court has supplemental jurisdiction over the state law claims herein.

24. During the 2021-2022 academic year, Holbrook was an employee with Mehlville and worked Bernard Middle School. At such time, Plaintiff was a student at Bernard Middle School.

25. In May 2022, Holbrook taught at least one of Plaintiff's classes at Mehlville. At this time, Plaintiff was fourteen years old.

26. After coming into contact with Plaintiff by virtue of employment with Mehlville, Holbrook became inappropriately and dangerously fascinated with Plaintiff. During times in which he taught Plaintiff's class, Holbrook would be caught eerily staring at Plaintiff.

27. Upon information and belief, Holbrook sought out Plaintiff via social media and used social media, as well as Mehlville resources, to locate Plaintiff's home address.

28. After determining Plaintiff's home address, in August 2022, Holbrook showed up to Plaintiff's home one morning, ran at Plaintiff, and attacked her in her bed. Holbrook eventually raped Plaintiff.

29. During August 2022, Holbrook raped and sodomized Plaintiff on at least three separate occasions.

30. During the sexual assaults, Holbrook threatened to harm and/or made veiled threats to harm Plaintiff if she were to disclose the sexual assaults to anyone.

31. In September 2022, Holbrook's sexual assaults of Plaintiff were criminally charged in St. Louis County Circuit Court, State of Missouri in Case Number 22SL-CR07195,

*State of Missouri v. Brandon Scott Holbrook*. Specifically, Holbrook was charged with three counts of Statutory Rape and six counts of Statutory Sodomy.

32. Holbrook was taken into custody as a result of the criminal charges and the related warrant for his arrest.

33. On September 26, 2022, Holbrook was found dead in his jail cell at the St. Louis County Justice Center.

34. The sexual assaults and abuse of Plaintiff was not Holbrook's first time sexually assaulting a student of Mehlville. Specifically, prior to the abuse of Plaintiff, Holbrook had a sexual relationship with a Mehlville student ("prior victim"). Holbrook physically and sexually abused the prior victim.

35. Prior to the abuse of Plaintiff, the prior victim reported Holbrook's abuse to law enforcement and Mehlville, including through Courage2Report, which is a reporting system used and/or promoted by Mehlville. The prior victim also reported that Holbrook had inappropriate sexual fantasies about underage girls and had made comments about desiring sexual relationships with underage girls.

36. Prior to the abuse of Plaintiff, Mehlville, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings, and/or Wheeler had actual knowledge of the reports by the prior victim stating that she was sexually assaulted and physically assaulted by Holbrook and that Holbrook had inappropriate sexual fantasies about underage girls and had made comments about desiring sexual relationships with underage girls.

37. Upon information and belief, Mehlville informed law enforcement and/or the prior victim that Holbrook would not work at Mehlville in the future due to the report by the prior victim.

38. Despite knowledge of Holbrook's prior misconduct and disturbing behavior, Mehlville, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings, and/or Wheeler continued to allow Holbrook to teach at Mehlville, including at the time in which Holbrook taught Plaintiff.

39. Upon information and belief, prior to the abuse of Plaintiff, Mehlville, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings, and/or Wheeler had actual knowledge of the following conduct by Holbrook:

   a.   Inappropriate physical contact with students;

   b.   Sexual comments about underage children and/or students, including about students' bodies, sexual activity or attractiveness;

   c.   Sexual predator behaviors, including grooming behaviors;

   d.   Inappropriate communications with students;

   e.   Maintaining inappropriate boundaries;

   f.   Sexual advances towards students

   g.   Sexual assaults;

   h.   Dating violence;

   i.   Domestic violence; and/or

   j.   Stalking;

40. At all times herein, Mehlville, Gaines, Bresler, Smith, Pike, Smith, Dickemper, Cummings and/or Wheeler had authority to institute corrective measures on behalf of Mehlville and/or to Holbrook to prevent further abuse by Holbrook.

41. At all times relevant hereto, Mehville, Gaines, Bresler, Smith, Pike, Smith, Dickemper, Cummings, and/or Wheeler were policymakers and/or administrators

who had a duty to train, yet failed to train, administrators, employees, staff, students, and parents concerning sexual discrimination and harassment against students, concerning Title IX, and/or concerning employee-against-student sexual misconduct/harassment, and in identifying, investigating, reporting, and stopping sexual harassment of students like Plaintiff, including sexual harassment committed by employees like Holbrook.

42. Despite being on actual notice of all Holbrook's previous abuse, sexual discrimination, and sexual harassment of students, sexual violence, and the reports of the prior victim (see paragraph #35) *prior* to the abuse of Plaintiff, Mehlville, Gaines, Bresler, Smith, Pike, Smith, Dickemper, Cummings and/or Wheeler consciously chose to remain deliberately indifferent to the rights of students, and continued to employ Holbrook.

43. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered the following damages:

    a.  Physical pain and/or injury;

    b.  Emotional distress; and

    c.  Economic damages, including treatment costs.

44. As a direct and proximate cause of Defendants' conduct, Plaintiff will suffer the following damages in the future:

    a.  Emotional distress;

    b.  Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

## COUNT I – SEXUAL ASSAULT & BATTERY AGAINST HOLBROOK UNDER MISSOURI LAW

45. Plaintiff restates all previous allegations as if fully set forth herein.

46. Holbrook's abuse of Plaintiff was intentional, offensive, unlawful, unjustified, and consisted of Holbrook having offensive physical contact with Plaintiff.

47. In that Holbrook's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Holbrook is subject to punitive damages and Plaintiff requests an award of such punitive damages.

48. As a direct and proximate cause of Defendant Holbrook's conduct, Plaintiff suffered the following damages:

    a.  Physical pain and/or injury;

    b.  Emotional distress; and

    c.  Economic damages, including treatment costs.

49. As a direct and proximate cause of Defendant Holbrook's conduct, Plaintiff will suffer the following damages in the future:

    a.  Emotional distress;

    b.  Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Holbrook for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – VIOLATION OF 42 USC 1983 AGAINST HOLBROOK

50. Plaintiff restates all previous allegations as if fully set forth herein.

51. Holbrook's conduct directed towards Plaintiff violated the following federal and Constitutional rights of Plaintiff:

    a.  Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

    b.  Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty); and

    c.  4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

52. Holbrook's conduct towards Plaintiff discriminated against her based upon sex.

53. Holbrook's physical conduct towards Plaintiff violated her right to bodily integrity and bodily liberty.

54. Holbrook's violations of Plaintiff's federal and Constitutional rights constituted willful, wanton, conscious, and intentional choices by Holbrook.

55. Holbrook's violations of Plaintiff's federal and Constitutional rights were done with evil motive and malice.

56. At the time of Holbrook's actions, he was a state actor.

57. As a direct and proximate cause of Holbrook's violations of Plaintiff's clearly established federal and Constitutional rights, Plaintiff suffered the following damages:

    a.  Physical pain and/or injury;

    b.  Emotional distress; and

    c.  Economic damages, including treatment costs.

58. As a direct and proximate cause of Defendant Holbrook's conduct, Plaintiff will suffer the following damages in the future:

    a.   Emotional distress;

    b.   Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

59. In that Holbrook's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Holbrook is subject to punitive damages and Plaintiff requests an award of such punitive damages.

60. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Holbrook for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her attorneys' fees, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III – VIOLATION OF TITLE IX AGAINST MEHLVILLE

61. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

62. Plaintiff had federal civil rights secured by federal statute, namely Title IX of the Education Amendments of 1972, which provides in pertinent part that "[N]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

63. Title IX was intended to benefit students like Plaintiff and intended to benefit Plaintiff.

64. Title IX provides Plaintiff, and students like Plaintiff, clear federal civil rights, which are not amorphous or vague, to be free from known sexual discrimination at school.

65. Title IX imposes binding mandatory obligations on schools like Mehlville that are recipients of federal funding which prohibits them from discriminating against students on the basis of sex.

66. Prior to the abuse of Plaintiff, Mehlville had actual knowledge of Holbrook's sexual harassment, sexual abuse, and/or sexual discrimination of students.

67. Plaintiff suffered repeated abuse by Holbrook, which is considered sexual discrimination prohibited by Title IX.

68. The Mehlville employees, board members, and administrators with actual knowledge and/or notice had the authority and ability to investigate and take meaningful corrective action to end or prevent the harassment perpetrated upon female students, including Plaintiff, by Holbrook, but failed to do so.

69. Mehlville's failures to investigate or take any corrective action, despite prior harassment and ongoing harassment by Holbrook, were clearly unreasonable in light of the known circumstances.

70. Through their actions and inaction, Mehlville was deliberately indifferent to the sexual harassment, assault, and violence that Plaintiff suffered at Mehlville, and proximately caused injury to Plaintiff

71. Through their actions and inaction, Mehlville created a climate in which sexual harassment and misconduct was tolerated, thus encouraging Holbrook's repeated harassment and misconduct, including his actions against Plaintiff, and proximately caused injury to Plaintiff

72. As a result of Mehlville's deliberate indifference, Plaintiff was subjected to abuse by Holbrook.

73. Mehlville's deliberate indifference was a conscious choice.

74. The sexual harassment inflicted upon Plaintiff was severe, pervasive, objectively offensive, and effectively barred Plaintiff access to education opportunities and benefits.

75. The sexual harassment Holbrook inflicted upon students and Plaintiff, along with Mehlville's refusal to investigate or take appropriate action (in response to evidence, reports, and complaints of Holbrook's prior abuse, sexual harassment, and sexual discrimination) to stop Holbrook from being able to harass Plaintiff effectively barred Plaintiff from access to educational opportunities, benefits, and activities. Plaintiff suffered severe damages, walked the halls, and continues to walk the halls of Mehlville schools embarrassed and suffering from severe mental health issues, became alienated socially, and suffered from post-traumatic stress disorder, including when at Mehlville schools.

76. By their actions and inaction, Mehlville acted with deliberate indifference toward the rights of students, and toward Plaintiff, to have a safe and secure education environment, thus materially impairing Plaintiff's ability to pursue her education at Mehlville schools in violation of the requirements of Title IX.

77. Specifically, Mehlville violated Title IX by, *inter alia*:

    a. Choosing to take no action to protect Plaintiff, despite the knowledge of a need to supervise, discipline, or take other correction action to prevent

Holbrook's harassment of students, including Plaintiff, and also failing to warn Plaintiff of the risk of abuse;

b. Choosing to take no action against Holbrook to discipline or increase supervision of him;

c. Ignoring evidence, complaints, and reports regarding Holbrook's sexual harassment of students and Plaintiff, and being deliberately indifferent thereto;

d. Failing to conduct their own investigations into reports, complaints, and evidence that Holbrook was sexually harassing students prior to and during his harassment of Plaintiff and failing to conduct their own investigation into reports, complaints, and evidence that Holbrook was continuously sexually harassing Plaintiff;

e. Requiring Plaintiff to fend for herself and attempt to protect herself from Holbrook's harassment/abuse with no assistance from Mehlville;

f. Protecting and advocating for Holbrook, despite multiple reports of Holbrook's sexually harassing students prior to and during the period he harassed Plaintiff;

g. Creating a climate that tolerated sexual harassment and other sexual misconduct, and that tolerated the complete disregard for reports, evidence, and complaints of sexual harassment/misconduct by employees, including Holbrook, and being deliberately indifferent thereto;

h. Failing to develop or adopt policies and procedures to properly address complaints, reports, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

i.   Failing to adopt policies regarding prompt and equitable grievance procedures and investigation of reports, complaints, or evidence of employee-against-student sexual harassment, assault, misconduct, and violence;

j.   Failing to provide policies, procedures, or training for Mehlville administrators, employees, students, and students' parents about sexual harassment and misconduct;

k.   Failing to terminate or otherwise discipline Mehlville's employees, including Holbrook, for their willful disregard to Plaintiff's safety and rights, and being deliberately indifferent thereto;

l.   Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to Plaintiff after he was repeatedly sexually harassed by Holbrook, and being deliberately indifferent thereto; and/or

m.   Through other actions, inaction, and deliberate indifference.

78. As a direct and proximate cause of Defendant Mehlville's conduct, Plaintiff suffered the following damages:

a.   Physical pain and/or injury;

b.   Emotional distress; and

c.   Economic damages, including treatment costs.

79. As a direct and proximate cause of Defendant Mehlville's conduct, Plaintiff will suffer the following damages in the future:

a.   Emotional distress;

b.  Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

WHEREFORE Plaintiff respectfully request judgment in her favor and against Defendant Mehlville for compensatory damages for a fair and reasonable amount, for pre-judgment interest and post-judgment interest, for her attorneys' fees, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV – VIOLATION OF 42 USC 1983 AGAINST MEHLVILLE</u>

80. Plaintiff restates all previous allegations as if fully set forth herein.

81. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, Mehlville was on prior actual notice that Holbrook and/or other Mehlville employees were abusing and harassing students and violating students' constitutional due process right to bodily integrity and liberty, constitutional right to be free from discrimination based on sex, and constitutional right to be free from unreasonable seizures.

82. Despite prior actual notice, Mehlville was deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of its students.

83. Mehlville's failure to act and process of turning a "blind eye" to the abuse of students, and Holbrook's constitutional violations and dangerous behaviors, demonstrated Mehlville's policy, practice, pattern, and/or custom of allowing employees to sexually abuse and prey upon students, as well as violate the constitutional rights of students, including the following rights under:

a. Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

b. Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty); and

c. 4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

84. Mehlville failed to act upon reports of abuse of students.

85. Mehlville failed to act upon evidence of abuse of students.

86. Mehlville failed to investigate reports and/or evidence of abuse of students.

87. Mehlville failed to adequately train its employees regarding abuse of students, including abuse of students by employees.

88. Mehlville made policies pertaining to: training, hiring and retaining employees, overseeing teacher conduct, reporting sexual abuse and harassment, policing hallways and school premises to make sure they were free of harassment and abuse, enforcing Mehlville policies, student-employee interaction, and disciplining employees.

89. Mehlville set policies for employees, including Holbrook.

90. Holbrook's conduct described herein constitutes the policies, customs, practices and usages of Mehlville.

91. Mehlville's conduct described herein constitutes the policies, customs, practices and usages of Mehlville.

92. Mehlville failed to adequately train employees regarding abuse of students, including abuse of students by employees.

93. Mehlville failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse by students, including by Holbrook and including conduct reported by prior victim (see paragraph #35).

94. Mehlville's conduct amounts to deliberate indifference to the federal and Constitutional rights of Plaintiff and other students.

95. As a direct and proximate cause of Mehlville's conduct, including Mehlville's deliberate indifference, policies/practices/customs, and/or inadequate training, Plaintiff suffered the following damages:

    a.  Physical pain and/or injury;

    b.  Emotional distress; and

    c.  Economic damages, including treatment costs.

96. As a direct and proximate cause of Defendant Mehlville's conduct, including Mehlville's deliberate indifference, policies/practices/customs, and/or inadequate training, Plaintiff will suffer the following damages in the future:

    a.  Emotional distress;

    b.  Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

97. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant Mehlville for compensatory damages for a fair and reasonable amount, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT V – VIOLATION OF 42 USC 1983 AGAINST GAINES, BRESLER, BRIAN, PIKE, ADAM, DICKEMPER, CUMMINGS & WHEELER

98. Plaintiff restates all previous allegations as if fully set forth herein.

99. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler were on prior actual notice that Holbrook and/or other Mehlville employees were abusing and harassing students and violating students' constitutional due process right to bodily integrity and liberty, constitutional right to be free from discrimination based on sex, and constitutional right to be free from unreasonable seizures.

100. Despite prior actual notice, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler were deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of its students and stop Holbrook from preying upon students, including Plaintiff.

101. Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's failure to act and process of turning a "blind eye" to the abuse of students, and Holbrook's constitutional violations and dangerous behaviors, demonstrated Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's policy, practice, pattern, and/or custom of allowing employees to sexually abuse and prey upon students, as well as violate the constitutional rights of students, including the following rights under:

  a. Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

  b. Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty); and

  c. 4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

102. Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler failed to act upon reports of abuse of students.

103. Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler failed to act upon evidence of abuse of students.

104. Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler failed to investigate reports and/or evidence of abuse of students.

105. Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler were policymakers pertaining to: training, hiring and retaining employees, overseeing teacher conduct, reporting sexual abuse and harassment, policing hallways and school premises to make sure they were free of harassment and abuse, enforcing Mehlville policies, student-employee interaction, and disciplining employees.

106. Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler set policies for employees, including Holbrook.

107. Holbrook's conduct described herein constitutes the policies, customs, practices and usages of Mehlville, Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler.

108. Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's conduct described herein constitutes the policies, customs, practices and usages of Mehlville.

109.    Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler failed to adequately train employees regarding abuse of students, including abuse of students by employees.

110.    Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse by students, including by Holbrook and including conduct reported by prior victim (see paragraph #35).

111.    Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's conduct amounts to deliberate indifference to the federal and Constitutional rights of Plaintiff and other students.

112.    As a direct and proximate cause of Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's conduct, including Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's deliberate indifference, policies/practices/customs, and/or inadequate training, Plaintiff suffered the following damages:

    a.  Physical pain and/or injury;

    b.  Emotional distress; and

    c.  Economic damages, including treatment costs.

113.    As a direct and proximate cause of Defendant Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's conduct, including Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's deliberate indifference, policies/practices/customs, and/or inadequate training, Plaintiff will suffer the following damages in the future:

    a.   Emotional distress;

    b.   Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

114.    Plaintiff is entitled to punitive damages against Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler in that Gaines', Bresler's, Brian's, Pike's, Adam's, Dickemper's, Cummings' and/or Wheeler's conduct was intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of others, including the rights of Plaintiff.

115.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendants Gaines, Bresler, Brian, Pike, Adam, Dickemper, Cummings and/or Wheeler for compensatory damages for a fair and reasonable amount, for punitive damages for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

*Respectfully Submitted,*

*THE O'BRIEN LAW FIRM, PC*

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
The O'Brien Law Firm
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

*Attorneys for Plaintiff*